**Charles Dave HURD**

v.

**Officer ROMEO.**

**Appeal of Charles David HURD.**

**No. 83–1716.**

United States Court of Appeals, Third Circuit.

Argued Sept. 11, 1984.

Decided Jan. 7, 1985.

Thomas F. Hurley (Argued), Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

John A. Parkins, Jr. (Argued), Chief of Appeals Div., Deborah A. Blom, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for appellee.

Before GIBBONS and GARTH, Circuit Judges, and TEITELBAUM, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Charles David Hurd, an inmate at the Gander Hill Prison in Wilmington, Delaware, appeals from an order of the district court, approving the recommendation of a magistrate that his complaint against Officer Romeo, a prison guard, be dismissed without issuance of process. Following his appeal from that order, this court appointed counsel for Hurd. We reverse.

### I.

Hurd's *pro se* complaint was prepared on a printed form furnished by the district court for *pro se* actions under 42 U.S.C. § 1983 (1982). A portion of that form contains questions about institutional grievance procedures. Hurd's answers disclosed that his grievance against officer Romeo produced no relief.

The form also contains a section captioned "Statement of Claim." The instruction for this section reads:

State here as briefly as possible the *facts* of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

* Hon. Hubert I. Teitelbaum, Chief Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

Following this instruction, the form has space for six lines of handwriting. In that space Hurd wrote:

Excessive unnecessary force was used against Hurd by guard Romeo. Romeo pushed and shoved me while Hurd was walking towards his cell. Romeo jumped in Hurd's face twice. He grabbed my shirt and almost torn [sic] shirt off. Then he tripped me knocking me down, and got me in a headlock. He threatened to break my neck and the force he was using he was actually trying to break my neck in the headlock. Then guards locked me down for trying to defend myself.

Because the six lines provided on the form under "Statement of Claim" were insufficient, Hurd alleged in the margin:

It's almost if the state has a contract out against Hurd as you should be able to see certain guards are deliberately trying to harm Hurd.

On the reverse of the form Hurd continues:

Hurd has not had a hearing to determine the lawfulness of the lock down. Lock down—24 hrs. dailey! [sic] indefinite.

The form also contains a section captioned "Relief." The instructions for this section read:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

This section provides space for five lines of handwriting. Hurd wrote:

Nominal Fees $60,000—punitive damages $70,000 Lawful money paid to Charles D. Hurd Lawyer fee's paid by court and I want court appointed lawyer. Investigate by internal Affairs; Gander Hill administration. This injunction to stop the cruel and unusual punishment that guards are conspiring to torture Hurd. Injunction to have Hurd released from lock down.

In the margin Hurd again requested an injunction and also a jury trial.

On a separate form Hurd requested leave to proceed *in forma pauperis*. The trial court granted such leave, and referred the complaint to a Magistrate pursuant to 28 U.S.C. § 636 (1982). The order of reference provided that no process should issue until the further order of the Magistrate. In his recommendation and report the Magistrate opined:

According to the Complaint the plaintiff and the defendant got into a wrestling match in which the defendant got the better of it. In the process plaintiff's shirt was torn and he was knocked down and was placed in a headlock from which he ultimately extricated himself. Assuming the truth of the allegations in the Complaint, nonetheless no constitutional issue is raised....

While plaintiff may have an assault and battery claim under state law, this Court has no power to adjudicate it in the absence of a substantial federal question. Therefore, I recommend that this action be dismissed for want of jurisdiction.

Hurd was served with a copy of the Magistrate's report and recommendation. Still proceeding *pro se*, he filed an extensive objection, calling his claim for punitive damages to the court's attention and citing the recent case of *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), which holds that a prison guard may be liable for punitive damages in a section 1983 case, for reckless or callous disregard of or indifference to the safety of persons committed to his charge.

The trial court, without opinion, adopted the Magistrate's report and dismissed the complaint. This appeal followed.

## II.

Since Hurd's complaint was dismissed at the pleading stage, our review of its sufficiency is plenary. We cannot affirm such a dismissal unless we can "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers [that] it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99,

101–102, 2 L.Ed.2d 80 (1957). That pleading standard is applicable to *pro se* complaints filed, as this one was, pursuant to 28 U.S.C. § 1915 (1982) without payment of fees. *Boag v. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *McTeague v. Sosnowski,* 617 F.2d 1016, 1019 (3d Cir.1980).

We cannot say that Hurd, were he permitted to proceed, could prove no set of facts which would entitle him to some form of legal or equitable relief under federal law.

■■■ Hurd has a federally protected liberty interest in physical security. *Youngberg v. Romeo,* 457 U.S. 307, 315–16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28 (1982); *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Ingraham v. Wright,* 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977); *Curtis v. Everette,* 489 F.2d 516, 518 (3d Cir.1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). He has, moreover, a federally protected right not to be subjected to cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 102–03, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Finally, Hurd may not be subjected, without due process of law, to punitive deprivation of expectations under state law with respect to conditions of confinement. *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 2975–76, 44 L.Ed.2d 935 (1974). The allegations in his *pro se* complaint suggest that he may be able to establish a violation of one or more of these federally protected interests. Fairly read, his complaint charges that Officer Romeo, acting under color of state law, intentionally inflicted bodily harm upon him. Such a charge, if proved, would permit Hurd to recover both compensatory and punitive damages. *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Moreover, Hurd's allegations that Romeo tripped him, placed him in a headlock, and threatened and attempted to break his neck would, if proved, justify a holding that Hurd had been subjected to such treatment as to amount to cruel and unusual punishment in violation of the eighth amendment. Finally, the Magistrate and the trial court entirely ignored Hurd's allegation that he had been subjected to a lock down without a hearing because he tried to defend himself from Romeo's assault.[1] Proof of such a violation might entitle Hurd to money damages and to injunctive relief. He asked for both. Even if his request for relief had not been so specific, the court was obliged to consider whether, had he proved the facts alleged, he would be entitled to such relief. Fed.R.Civ.P. 54(c).

### III.

We cannot hold that Hurd's complaint would permit him to prove no set of facts which would entitle him to relief in a section 1983 action, over which the federal courts have subject matter jurisdiction. The judgment dismissing his complaint must, therefore be reversed.

---

1. With commendable candor the Deputy Attorney General appearing for the defendant conceded at oral argument that he could not defend dismissal of the complaint in its entirety. The trial court acted without the benefit of a responsive pleading.