**Elmo TURNER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 93–CR–80981, 96–CV–72888–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 30, 1997.

Elmo Turner, Milan, pro se.

Steve Murphy, Assistant U.S. Attorney, Detroit, for Respondent.

*OPINION AND ORDER GRANTING PETITIONER'S 28 U.S.C. § 2255 MOTION FOR AN APPELLATE PROCEEDING AS IF ON DIRECT APPEAL*

ROSEN, District Judge.

## I. *INTRODUCTION*

Before the Court is the 28 U.S.C. § 2255 Motion of Petitioner Elmo Turner to receive an appellate proceeding regarding his sentencing because he was effectively denied the assistance of counsel when his attorney failed to file an appeal, despite Petitioner's request for one. In response to this Motion, the Court ordered Petitioner and his attorney, Mr. Paul A. McKenna, to file affidavits which addressed whether or not Petitioner asked Mr. McKenna to file an appeal after the Court sentenced Petitioner. Having reviewed Petitioner's Motion and these affidavits, the Court is now prepared to rule in this matter. This Opinion and Order sets forth the Court's ruling.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

On August 17, 1994, Petitioner pled guilty to two of the eight counts on which he was indicted, and thereafter, on March 16, 1995, the Court sentenced him to 168 months of imprisonment for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841. Subsequently, Petitioner filed an appeal of his sentence *in pro per* on March 21, 1995. However, on May 4, 1995, the Sixth Circuit dismissed the appeal for failure to prosecute. On June 25, 1996, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 wherein he claimed he was denied the effective assistance of counsel at trial because his lawyer: (1) failed to argue that the sentencing disparity between those who possess and/or distribute crack versus powder cocaine is unconstitutional and (2) failed to file a Notice of Appeal despite Petitioner's request that he do so. In its March 21, 1997 Opinion and Order in this matter, the Court denied Petitioner's Motion regarding the sentencing disparity and reserved the remainder of the Motion for decision after it received affidavits from Petitioner and Mr. McKenna regarding Petitioner's alleged request for an appeal with respect to his sentencing.

In the affidavit that he submitted to the Court, Petitioner states that immediately after the Court sentenced him, he asked Mr. McKenna to file an appeal; Mr. McKenna acknowledged the request; and Mr. McKenna told him that he "would take care of it." (Affidavit of Elmo Turner, pp. 1–2). In Mr. McKenna's affidavit, Mr. McKenna states the following:

> Prior to the sentencing, Mr. Turner had also hired an organization that specializes in assisting defendants with sentencing issues. My understanding was that Mr. Turner had paid a fee to National Legal Professional Associates ("NLPA"), and that they had also offered to assist Mr. Turner with his appeal.
>
> *  *  *  *  *  *
>
> I do recall conversations with Mr. Turner regarding his desire to appeal the sentence. . . .
>
> *  *  *  *  *  *

There may well have been some miscommunication between myself and Mr. Turner. My impression was that he was going to use NLPA to process the appeal.

(Affidavit of Paul A. McKenna, pp. 1–2).

### III. *ANALYSIS*

**A. *The Standard for Proving Ineffective Assistance of Counsel.***

Petitioner argues that he received ineffective assistance of counsel because his lawyer failed to file a Notice of Appeal regarding his sentence even though Petitioner requested him to do so. In order to establish ineffective assistance of counsel, Petitioner must satisfy a two-part test. First, he must demonstrate that his counsel's performance fell short of the norms of the legal profession. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Second, Petitioner must also establish "a reasonable probability 'that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 694, 104 S.Ct. at 2068 (citations omitted).

■ Petitioner's right to a first appeal in a criminal proceeding upon request is well-established. *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962); *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Therefore, a lawyer's failure to file a first appeal despite the request of his client is *per se* a violation of the Sixth Amendment, particularly where, as here, the alleged conduct of the lawyer "left [defendant] completely without representation during the appellate court's actual decisional process." *Bonneau v. U.S.,* 961 F.2d 17, 21 (1st Cir.1992); *See also Castellanos v. United States,* 26 F.3d 717, 718–19 (7th Cir.1994); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988); *United States v. Horodner* 993 F.2d 191, 195 (9th Cir.1993). Accordingly, as a *per se* violation of the Sixth Amendment, such conduct

by a lawyer, if proven, would meet the first prong of the *Strickland* test because such violations are inherently below the norms of the legal profession. *See, Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967) (as an advocate, a lawyer must "support his client's appeal to the best of his ability"); *Duncan v. United States,* 842 F.Supp. 1016, 1018 (M.D.Tenn. 1993) (attorney's failure to appeal client's sentence despite client's instruction to do so is breach of duty of loyalty and objectively unreasonable).

■ Therefore, the Court turns to the prejudice prong of the *Strickland* test. Under this prong, prejudice is presumed where a defendant proves that his counsel failed to file a first criminal appeal despite his request to do so [1] because such conduct by a lawyer is a denial "not of effective assistance of counsel, but of *any* assistance of counsel on appeal." *Castellanos* 26 F.3d at 718; *See also, Satterwhite v. Texas,* 486 U.S. 249, 256, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988) (denial of counsel casts such doubt on trial process that it can never be considered harmless error); *Penson v. Ohio,* 488 U.S. 75, 85, 109 S.Ct. 346, 352, 102 L.Ed.2d 300 (1988) (importance of the right to counsel and effective advocacy "does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage" and therefore, it is "inappropriate to apply either the prejudice requirement of *Strickland* or [ ] harmless-error analysis" where counsel is not a responsible advocate on appeal); *Rodriquez,* 395 U.S. at 330, 89 S.Ct. at 1717 (relief in cases where a petitioner is deprived of the right of first appeal should not be denied for failure to state points to be brought up on appeal nor for unlikelihood of success on the merits because "[t]hose whose rights to appeal have been frustrated should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings"); *Strickland,* 466

---

1. Although the need or lack thereof to show prejudice when a defendant alleges that his counsel failed to follow his request for a first appeal has not been directly addressed in the Sixth Circuit, "every court that has squarely confronted this question ... has held that failure to take an appeal, despite the defendant's request, is

ineffective assistance without regard to the probability of success on appeal." *Castellanos* 26 F.3d at 719 (citing *Bonneau,* 961 F.2d at 20–23; *Williams,* 849 F.2d at 1137 n. 3; *Horodner* 993 F.2d at 195; *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991)).

U.S. at 692, 104 S.Ct. at 2067 ("[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice"); *Bonneau*, 961 F.2d at 21; *Horodner*, 993 F.2d at 195.

 In light of Petitioner's and Mr. McKenna's affidavits, it is clear that Petitioner wanted an appeal regarding his sentence and through some miscommunication or misunderstanding between him and his counsel, he never received the assistance of counsel that he requested. Subsequently, he had to pursue an appeal on his own and ultimately the Sixth Circuit dismissed it for failure to prosecute.[2] Therefore, the Court finds that Petitioner's Sixth Amendment right to adequate representation of counsel has been violated and he received ineffective assistance of counsel. In such circumstances, he is entitled to an appellate proceeding, as if on direct appeal, with the assistance of counsel. *Castellanos*, 26 F.3d at 720 (citing *Page v. United States*, 884 F.2d 300 (7th Cir.1989)).

## IV. CONCLUSION

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 Motion for an Appellate Proceeding As If on Direct Appeal is GRANTED;

IT IS FURTHER ORDERED that Petitioner shall have 30 days from the date of this Opinion and Order to file a Notice of Appeal regarding his sentencing. During this period Petitioner should also obtain new counsel or request appointed counsel.

---

2. The fact that Petitioner filed a timely appeal that was later dismissed due to failure to prosecute should not bear on the present situation because Petitioner had a right to receive the assistance of counsel in appealing his sentence and it would be unfair for the Court to expect him to meet the obligations of an appeal without this assistance. *Rodriquez*, 395 U.S. at 330, 89 S.Ct. at 1717.