David MAYES

v.

UNITED STATES of America.

No. 1:99–CV–356.

United States District Court,
E.D. Tennessee,
at Chattanooga.

March 31, 2000.

David Mayes, Chattanooga, TN, pro se.

Gregg L. Sullivan, U.S. Dept. of Justice, Chattanooga, TN, for U.S.

### *MEMORANDUM*

COLLIER, District Judge.

This matter comes before the Court on the motion of pro se petitioner[1] David Mayes ("Mayes") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, Petition). Pursuant to the Court's Order, the United States filed a response to petitioner's motion (Court File No. 6, Government's Response).

The underlying criminal case in this Court was *United States of America v. Renee Kinney and David Mayes,* Criminal Docket No. 1:97–cr–24, filed on March 18, 1997. For the following reasons, the Court will **DENY** Mayes's motion.[2]

### I. *BACKGROUND*

Mayes was indicted on March 19, 1997, in a three-count indictment returned by a Grand Jury for the Eastern District of Tennessee charging him and Renee Kinney, in Count One, with conspiracy to distribute crack cocaine and marijuana in violation of 21 U.S.C. § 846 and in Count Two and Three, charging him and Kinney with distribution of crack cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) (Crim. Court File No. 1, Indictment). Also on March 19, 1997, Mayes appeared before United States Magistrate Judge John Y. Powers for his initial appearance (Crim. Court File No. 5). At the initial appearance local attorney Neal L. Thompson was appointed to represent Mayes. Mr. Thompson is a very experienced, quite competent, and highly regarded criminal defense attorney. Mr. Thompson represented Mayes from the arraignment through the appeal. On April 10, 1997, Mayes filed a motion for a psychiatric examination and a competency hearing (Crim. Court File Nos. 14 and 15). The motion was granted. After a psychiatric examination had been conducted and the results of that examination provided to counsel and the Court, Mayes was determined to be competent to stand trial and

---

1. Technically, a party bringing a motion under 28 U.S.C. § 2255 is a moving party rather than a petitioner for writ of habeas corpus. See, e.g., *United States v. Sanders,* 3 F.Supp.2d 554, 556–58 (M.D.Pa.1998) (discussing similarities and differences between habeas corpus petitions under 28 U.S.C. § 2241 and 2254, and motions under 28 U.S.C. § 2255). Mayes will be referred to as petitioner herein, for ease of reference and to distinguish him from his co-defendant in the criminal case.

2. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (e.g., "Court File No. 1, Petition."), and all the files, records, transcripts, and correspondence relating to Mayes's conviction in Criminal Docket No. 1:97–cr–24, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (e.g., "Crim. Court File No. 1, Indictment").

was found not to suffer from any mental disease or defect (Crim. Court File No. 34).

On September 5, 1997, Mayes entered a plea of guilty to Count One of the indictment pursuant to a plea agreement with the government (Crim. Court File Nos. 38 and 39). Mayes's plea of guilty was made pursuant to Fed.R.Crim.P. 11.[3] In accordance with Rule 11 and the Court's standard practice, Mayes was placed under oath. At the beginning of the guilty plea hearing, the Court asked Mayes whether he had had sufficient time to discuss his case with Mr. Thompson and whether he was satisfied with Mr. Thompson's representation. Mayes answered both questions affirmatively. During the guilty plea hearing the Government introduced the plea agreement agreed to by petitioner and the Government into evidence (Crim. Court File No. 39, Plea Agreement). In paragraph seven of the plea agreement the factual basis for Mayes's guilty plea was provided.

After the plea agreement was offered into evidence, the Court asked Mayes directly whether the document was the actual plea agreement he had negotiated with the Government. The Court also directly asked Mayes whether the contents of paragraph seven of the plea agreement were correct. Mayes answered both questions affirmatively while under oath.

After entering his guilty plea, Mayes filed a second motion for a psychological examination. Being provided with no basis for this request the Court denied the motion.

On December 5, 1997, the Court held Mayes's sentencing hearing and committed him to the custody of the Bureau of Prisons for a period of 188 months (Crim. Court File No. 49, Judgment).[4] Petitioner was sentenced under the offense statute, 21 U.S.C. § 841, and the Guidelines. See United States Sentencing Guidelines Manual ("USSG" or "Guidelines") (Nov. 1997). During the sentencing hearing Mayes moved to withdraw his guilty plea. This motion was denied.

Mayes filed his notice of appeal on December 11, 1996 (Crim. Court File No. 138). On appeal he claimed the Court erred when it (1) denied his motion to withdraw his guilty plea, (2) assessed a two-level increase for distributing drugs

---

**3.** Petitioner's plea colloquy conformed with the requirements of Rule 11, which provides in pertinent part: (c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances....

(d) INSURING THAT THE PLEA IS VOLUNTARY. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney. Fed.R.Crim.P. 11(c)–(d) (eff.Dec. 1, 1989).

**4.** The sentence was calculated under the Guidelines as follows: Because the offense of conviction was a drug trafficking offense U.S.S.G. § 2D1.1 was used. The quantity of drugs involved along with the fact the object of the defense was the distribution of drugs in a prison, correctional facility, or detention facility, Mayes's offense level was 34. His prior criminal convictions placed him in criminal history category VI. Because the Court awarded him acceptance of responsibility, § 3E1.1, the Court adjusted his offense level downward three level, resulting in an offense level of 31 and a criminal history category of VI. The resulting Guideline range for imprisonment was 188 to 235 months. Because of Mayes's medical condition, the Court sentenced him to the lowest term within the guidelines, 188 months.

inside a correctional facility, (3) declined to downwardly depart due to mental condition, and (4) declined to downwardly depart due to physical condition. His claims were rejected by the United States Court of Appeals for the Sixth Circuit and his conviction was affirmed on May 26, 1999. *United States v. Mayes,* 181 F.3d 105 (Table), 1999 WL 357827 (6th Cir. May 26, 1999).

On November 23, 1999, Mayes filed this petition to vacate his conviction pursuant to 28 U.S.C. § 2255. The petition was timely within the statutory one-year limitation period. 28 U.S.C. § 2255(1)[5]. In his petition, he claims (1) his guilty plea was involuntary, (2) he received ineffective assistance of counsel, (3) his prior convictions were improperly used to enhance his sentence, and (4) his sentence should have been reduced due to his diminished mental capacity.

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they show conclusively petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining the reasons as each of petitioner's asserted grounds for relief is addressed. See *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993).

## II. *DISCUSSION*

### A. Petitioner's Allegations

■ Section 2255 of Title 28, United States Code, provides that a prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, correct, or set aside a sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the Petition. See *United States v. Abbott,* 975 F.Supp. 703, 705 (E.D.Pa.1997).

■ Where a constitutional error is alleged, in order to obtain relief under § 2255, the record must reflect a Constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. See *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process,'" *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994) (citing *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)).

As stated previously, Mayes seeks to vacate, set aside, or correct the sentence

---

**5.** 28 U.S.C. § 2255, provides, in part:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

because he claims his conviction was invalid because his guilty plea was involuntary, he received ineffective assistance of counsel, his prior convictions were improperly used to enhance his sentence, and his sentence should have been reduced due to his diminished mental capacity.

## B. Petitioner's Guilty Plea was Involuntary

■ In his first assignment of constitutional error, Mayes asserts his guilty plea was the product of coercion and threats and that he pleaded guilty without knowing the consequences of his guilty plea or the rights he was waiving as a result of his plea. No where in his petition does he name or identify the individuals who coerced or threatened him.

By failing to name or identify the individuals who allegedly coerced or threatened him and by failing to offer any factual support for this claim, Petitioner has only offered conclusive allegations without any support or effort to develop the factual and legal framework within which to analyze his claims.

■ It is well settled that conclusive allegations are insufficient to entitle a petitioner to relief under section 2255. See *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *Machibroda v. U.S.,* 368 U.S. 487, 495–496, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). When a petitioner files a Section 2255 motion, he must set forth facts which entitle him to relief. *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id.* A motion under section 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States,* 504 F.2d 63 (6th Cir.1974); *Ramsey v. United States,* 223 F.Supp. 605 (E.D.Tenn.1963). A motion which merely states general conclusions of law without substantiating factual allegations, is without legal merit. *Loum v. Underwood,* 262

F.2d 866 (6th Cir.1959); *United States v. Johnson,* 940 F.Supp. 167, 170 (W.D.Tenn. 1996).

Mayes provides no specific information to support his claim his plea was involuntary, and this allegation is refuted by the record and the prior findings of this Court and the Court of Appeals. Mayes raised the claim he was "duped" into pleading guilty when his attempt to withdraw his guilty plea was denied. When the motion was raised for the first time on the day of sentencing, this Court allowed Mayes an opportunity to argue why his plea should be withdrawn. He declined to make an argument. (Crim. Court File, Sentencing Transcript, page 2). Defense counsel explained to the Court Mayes was now denying he knew drugs were contained in the packages he transferred from his co-defendant to a cooperating inmate. (Id. at 3). That Mayes had made admissions to the FBI prior to his arrest in which he admitted he was aware of the contents of the packages was brought to the attention of the Court by the government (Id. At 3–4). In addition, Mayes admitted at the time he entered his guilty plea he knew he was distributing drugs. (Id. at 4, 6–7). As a result, the Court denied Mayes' motion to withdraw his guilty plea (Id. at 7).

The decision to deny Mayes' motion to withdraw his guilty plea was affirmed by the Court of Appeals, which noted Mayes' claim he was "duped" into pleading guilty was "difficult to reconcile with his prior statements and conduct." *Mayes,* 1997 WL 357827, *2. The Sixth Circuit also pointed out Mayes was "an experienced player in the criminal justice system" who would not have "waived his rights to a jury trial and cross-examination, perhaps the two most effective tools necessary to explore his claim" if he had believed he had been duped into pleading guilty. Id. at *3. The court reasoned:

Between his entry of a guilty plea on September 5, 1997, and his sentencing hearing on December 5, 1997, defendant

had ample opportunity to contemplate the ramifications of his guilty plea and then move to withdraw if he believed "he made a bad choice in pleading guilty." He never asserted that the plea agreement was hastily entered, and his extensive criminal history and the psychiatric evaluation report finding him competent to stand trial belie any notion that he may have been of confused mind. Defendant's motion to withdraw his guilty plea came much too late with too little justification and, thus, the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

1999 WL 357827, *3.

A careful examination of the record provides no support for Mayes's claim he was coerced or duped into pleading guilty. During the plea proceeding before the Court on September 5, 1997, Mayes informed the Court he had the opportunity to discuss the facts of the case with his attorney and was satisfied with the representation he had received. Mayes also told the Court he had discussed with his attorney how the sentencing guidelines might affect his case. Mayes denied he had been threatened or forced by anyone in any way to plead guilty. He also acknowledged his written plea agreement with the government and affirmed the fact it contained all of the understandings he had with the government.

■ The plea colloquy engaged in by the Court with Mayes insured Mayes was knowingly and voluntarily pleading guilty in this case. The Court explained the rights defendant was giving up by pleading guilty including the right to a trial by jury, the presumption of innocence, the right to confront and cross-examine witnesses, to call witnesses on his own behalf, the privilege against self-incrimination, and the requirement the government prove his guilt beyond a reasonable doubt. The elements of the offense, the government's burden of proof, the statutory maximum (life imprisonment) and the loss of some of his civil rights were all explained to the defendant. Knowing these facts, Mayes informed the Court he still desired to plead guilty. Mayes also acknowledged his awareness he would still be bound by his guilty plea even if his sentence was more severe than expected or anticipated. In addition, Mayes informed the Court the factual basis contained in the plea agreement was correct and accurate. Finally, Mayes also informed the Court he was pleading guilty because he was in fact guilty. Based upon this record, the Court accepted defendant's plea, concluding it was a knowing and voluntary plea, supported by an independent basis in fact which contained the essential elements of the offense. A solemn declaration of guilt carries a presumption of truthfulness; the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Third, the record establishes Mayes's decision to plead guilty was reasonable due to the substantial benefits he received as a result. The presentence report outlined the strength of the government's case, including the fact Mayes admitted his involvement to the FBI when he was interviewed on March 17, 1997. By pleading guilty, Mayes received a three-level reduction in his guideline sentence for acceptance of responsibility. Without this reduction, Mayes's guideline range would have been 262–327 months. Additionally, although the Court did not grant defendant a downward departure based upon defendant's mental or physical condition, it did sentence him at the low end of the applicable guideline range. Thus, by pleading guilty Mayes reduced his sentence at least 74 months and possibly as much as 139 months.

In the face of the extensive facts found in the underlying criminal case, the Court finds Petitioner's vague and conclusive allegations to the contrary are patently inadequate.

## C. Standard for Ineffective Assistance Challenge to Guilty Plea[6]

 Mayes next claims he was deprived of the effective assistance of counsel. In support of this claim, he points only to his counsel's failure to render him effective assistance by "not pursuing an entrapment defense and ineffective arguing of diminished capacity issue." No other specifics are provided. Mayes also asserts his involuntary guilty plea, and the Court's use of prior convictions in determining his sentence in this case were also the result of ineffective assistance of counsel. Again, no specific factual allegations are offered in support of this conclusive statement.

 The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." *U.S. Const. amend.* VI. A defendant has a Sixth Amendment right not just to counsel, but to " 'reasonably effective assistance' of counsel." *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992) (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The Supreme Court in *Strickland* has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Government of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1081 (3d Cir.1985).

 The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Courts must recognize the strong presumption that counsel has rendered adequate assistance and that all significant decisions were made in the exercise of reasonable professional judgment. *Id.* at 689, 104 S.Ct. at 2065; see also *Buehl v. Vaughn,* 166 F.3d 163, 169 (3d Cir.1999); *Reese v. Fulcomer,* 946 F.2d 247, 256–57 (3d Cir.1991), *cert. denied,* 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992); *United States v. Gray,* 878 F.2d 702, 710 (3d Cir.1989). The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmel-*

---

6. The Courts of Appeal generally prefer claims of ineffective assistance of counsel be addressed in the first instance by the district court under a § 2255 motion, rather than on direct appeal. See, e.g., *United States v. Tucker,* 90 F.3d 1135 (6th Cir.1996) (a charge of ineffective assistance of legal counsel is not generally cognizable on direct appeal); *United States v. Kincaide,* 145 F.3d 771, 785 (6th Cir.1998) (a claim of ineffective assistance of counsel in appropriate on direct appeal only

when the record is adequate to assess the merits of the allegations); *United States v. Thomas,* 74 F.3d 701, 715 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995); *United States v. Seymour,* 38 F.3d 261, 263 (6th Cir.1994) (claims of ineffective assistance are more properly available in a post-conviction proceeding under § 2255 after the parties have had an opportunity to develop an adequate record); *United States v. Tobin,* 155 F.3d 636, 643 (3d Cir.1998).

889

*man v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

 The second prong of the *Strickland* test requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

The *Strickland* Court further held that both prongs must be established in order to meet the claimant's burden, and that if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S.Ct. at 2069.

 The established test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Where a defendant is represented by counsel and enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice " 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).

The Supreme Court held in *Hill v. Lockhart* that a claim of ineffective assistance of counsel in the context of a guilty plea is subject to the same standard of attorney competence set forth in the first prong of the *Strickland* test. 474 U.S. at 58–59, 106 S.Ct. at 370. However, the *Hill* Court specifically held where the collateral challenge is to a plea of guilty rather than a trial verdict, the "prejudice" prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; see *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987); *Parry v. Rosemeyer,* 64 F.3d 110, 118 (3d Cir.1995) (citing *Hill*), *cert. denied,* 516 U.S. 1058, 116 S.Ct. 734, 133 L.Ed.2d 684 (1996). In setting forth that standard, the Court in *Hill* emphasized the "fundamental interest in the finality of guilty pleas." *Hill,* 474 U.S. at 58, 106 S.Ct. at 370 (citing *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)).

 Mayes's Petition on its face fails to state a claim under the *Hill* test, because it is devoid of any assertion that but for the alleged errors of counsel, petitioner would not have pleaded guilty and would have insisted on going to trial. See *Hill,* 474 U.S. at 60, 106 S.Ct. at 371 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test [in challenging a guilty plea], the district court did not err in declining to hold a hearing on [his] ineffective assistance of counsel claim."). Given the facts concerning the strength of the government's case and the substantial benefit

Mayes received by pleading guilty, it is unlikely Mayes would have insisted on going to trial. Nevertheless, while it is by no means clear that given the strong evidence against him petitioner would have elected to go to trial rather than plead guilty, the Court will construe his pro se pleading liberally. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982); *Hurd v. Romeo,* 752 F.2d 68, 70 (3d Cir.1985). Therefore, we will examine the merits of petitioner's claim despite his failure to plead the "prejudice" required under *Hill.*

 Defense counsel's decision not to pursue an entrapment defense was sound strategy since such a defense was unlikely to succeed. Had such a defense been raised, the government in proving predisposition would have been permitted to introduce Mayes' prior criminal record before the jury. His admissions to the FBI regarding his involvement also would have strongly rebutted his entrapment claim. The most likely means to present such a defense would have been through Mayes taking the stand in his defense and testifying. In the face of his admission and his prior criminal record, Mayes would have faced the likely result of a conviction and the risk he would not have received credit for acceptance of responsibility at his sentencing. *U.S.S.G.* § 3E1.1. Mayes has presented no evidence to suggest he was entrapped into committing this offense and his attorney was wise not to pursue such a perilous defense.

### D. Prior Convictions Improperly Used to Enhance Sentence

 Mayes's prior convictions were contested by defense counsel at the time of sentencing. After copies of the convictions were provided to the Court, it was clear there was no basis to Mayes's argument. Mayes fails to provide any factual basis to support his claim these prior convictions were invalid. Collateral attacks on the validity of prior convictions are prohibited with the sole exception of convictions which were obtained in violation of the right to counsel. See *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). No such showing was made in this case. Mayes's claims by themselves are insufficient to warrant the relief he seeks given the evidence provided to the Court at the time of sentence. See, e.g., *United States v. Strange,* 102 F.3d 356, 362–63 (8th Cir.1996) (defendant's bare bones, single sentence argument his waiver of counsel was not knowing and intelligent, unsupported by authority, was insufficient to carry his burden of demonstrating prior state conviction was constitutionally infirm).

Counsel did contest the prior convictions but his efforts were unavailing since the prior convictions were properly considered.

### E. Sentence Should have been Reduced Due to Diminished Mental Capacity

 Similarly, Mayes's claim his attorney was ineffective in arguing diminished capacity is not supported by any facts and is clearly rebutted by the record. The diminished capacity argument was made by his counsel before this court and before the Sixth Circuit. At sentencing, counsel strenuously argued his client was entitled to a lesser sentence due to his mental condition either through a minor role adjustment (U.S.S.G. § 3B1.2) or a downward departure for diminished capacity (U.S.S.G. § 5K2.13). Counsel made the psychological information available to the Court. The Court determined this information was insufficient to warrant a downward departure. Mayes provides no additional facts or information which counsel could have provided to persuade the Court otherwise. Simply because counsel was unsuccessful does not make him ineffective for Sixth Amendment purposes. The Court accordingly rejects Petitioner's claim on this ground.

## III. *CONCLUSION*

Accordingly, the Court holds Petitioner Mayes's guilty plea and his sentence were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED.**

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c); cf. *Fed. R.App.P.* 22. A certificate of appealability is issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, petitioner has failed to make such a showing here.

An **ORDER** shall enter.