Antonio EDWARDS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 1:01–CV–258.

United States District Court,
E.D. Tennessee
at Chattanooga.

Feb. 13, 2003.

Antonio Edwards, [Pro se], FCI–Memphis, Memphis, Christopher H Steger, Miller & Martin, Chattanooga, for Antonio Edwards, petitioner.

Gregg L Sullivan, U S Department of Justice, Office of U S Attorney, Chattanooga, for United States of America, respondent.

### MEMORANDUM

COLLIER, District Judge.

Petitioner Antonio Edwards filed a petition pursuant to 28 U.S.C. § 2255, requesting the Court vacate his sentence, resentence him, and appoint counsel to assist him in the appeal of his sentence (Court File No. 1). This Court has jurisdiction under 28 U.S.C. § 1331. The underlying criminal case in this Court was *United States v. Dewayne Ervin, et al.,* criminal docket No. 1:00–CR–70. Respondent United States of America responded to the petition (Court File No. 3). On February 10, 2003, the Court held an evidentiary hearing and heard legal argument regarding this petition.[1] For the following reasons, the Court will **GRANT** Petitioner Edwards's petition.

### I. BACKGROUND

This Court sentenced Petitioner Edwards to 151 months in prison on March 23, 2001, after he pleaded guilty to a charge of conspiracy to distribute cocaine hydrochloride. In that proceeding, Edwards challenged certain relevant conduct listed in his presentence report. After hearing testimony on the challenged conduct, the Court found by a preponderance of evidence that the presentence report was correct with respect to the challenged relevant conduct. Because Edwards failed to truthfully admit relevant conduct and falsely denied relevant conduct, the Court determined that the defendant had not clearly demonstrated acceptance of responsibility for his offense and therefore it was inappropriate to adjust his offense level downward as recommended in the presentence report. The Court therefore denied the reduction and told Petitioner he could raise that issue on appeal. The Court explained Petitioner had a limited time to file his notice of appeal and that

---

1. U.S. Magistrate Judge Bill Carter appointed Christopher Steger to represent Petitioner in the February 10, 2003 hearing. Judge Carter will extend the appointment so Steger will also represent Petitioner at his resentencing hearing on Friday, **February 21, 2003 at 9:00 a.m.**

the Court would appoint counsel to represent him if he could not pay for representation himself. Petitioner stated he understood his appeal rights.

For the trial and sentencing phase of his prosecution, Petitioner retained attorney Arvin Reingold. On April 2, 2001, Petitioner *pro se* signed and timely filed a notice of appeal, which Reingold prepared and delivered to the clerk's office for Petitioner.[2] Further, Reingold discussed with Petitioner and his family the retainer fee Reingold would require to represent Petitioner on appeal. Petitioner attempted to recover certain assets so he could retain Reingold, but he never paid any retainer fee for appellate representation. Nevertheless, Reingold never sought to withdraw from representing Petitioner.[3]

On May 4, 2001, the Clerk of the United States Court of Appeals for the Sixth Circuit docketed Petitioner's appeal and sent a letter to attorney Reingold. The letter indicated Sixth Circuit Rule 101 required Reingold, as attorney of record, to continue to represent Petitioner on appeal and the court would direct all correspondence regarding Petitioner's appeal to Reingold, despite the fact Petitioner filed his notice of appeal *pro se*. The letter set a deadline, May 18, 2001, for paying the filing fee and submitting initial forms in Petitioner's appeal, and it explained the appeal would be dismissed for want of prosecution if the deadlines were not met. Reingold did not respond to the letter or forward a copy of

it to Petitioner, and Petitioner did not receive the information from the Sixth Circuit independently.

On August 1, 2001, the Sixth Circuit dismissed Petitioner's appeal for want of prosecution, and it sent a copy of the order to attorney Reingold and to Petitioner. On August 20, 2001, Petitioner filed his § 2255 petition, alleging his Sixth Amendment right to effective assistance of counsel had been violated.

## II. DISCUSSION

### A. 2255 Standard

Section 2255 of Title 28, United States Code, provides a prisoner in custody under sentence of a federal court may move the court that imposed the sentence to vacate, correct, or set aside a sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir.1977); *Mayes v. United States*, 93 F.Supp.2d 882, 886 (E.D.Tenn. 2000). "To prevail under 28 U.S.C. § 2255, a [petitioner] must show a 'funda-

---

**2.** Eastern District of Tennessee Local Rule 83.4 governs appearances and withdrawals of counsel. Subsection 83.4(c) indicates a *pro se* notice of appeal was not proper without first obtaining an order of substitution:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and

to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

E.D. TN. L.R. 83.4(c).

**3.** Local Rule 83.4 requires attorneys seek leave of court before they may be removed as counsel of record, and it ensures a client is notified before his attorney of record ceases to represent him. E.D. TN. L.R. 83.4(f)

mental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994) (citing *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)).

■ The defect Petitioner alleges is a denial of effective assistance of counsel to prosecute the direct appeal of his sentence. The Sixth Amendment provides criminal defendants with the right to reasonably effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove an ineffective assistance of counsel claim, a petitioner usually must show (1) counsel's deficient representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced petitioner's defense. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. However, a lawyer's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," without regard to the probability of success on the appeal. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998). The Court concludes Petitioner made this required showing, so the Court will vacate Petitioner's sentence and resentence him.

**B. Effective Assistance of Counsel: Objective Standard of Reasonableness**

■ The Court finds Plaintiff satisfied the first *Strickland* requirement by showing his counsel's deficient representation fell below an objective standard of reasonableness.[4] Attorney Reingold represented Petitioner at the district court level pursuant to a retainer agreement, and he offered to represent Petitioner on appeal for an additional fee. Petitioner never paid a retainer fee to Reingold for appellate representation, despite an attempt to collect assets to pay the retainer. Nevertheless, Reingold never sought to withdraw as counsel for Petitioner.

After the sentencing hearing, Reingold prepared and delivered to the Court a notice of appeal, which Petitioner signed and filed *pro se.* Petitioner mistakenly thought he had a year between filing his notice of appeal and when he would have to take the next steps on his appeal, so he waited. He did not receive any communication from the Sixth Circuit about his notice of appeal, and he did not receive any direction from Reingold. The first response Petitioner received to his notice of appeal was an order from the Sixth Circuit dismissing his appeal for want of prosecution.

While Petitioner waited to hear from the court, Reingold received a letter from the Sixth Circuit regarding Petitioner's appeal. According to the letter, the Sixth Circuit viewed Reingold as counsel for Petitioner and would communicate with Reingold in that capacity. The letter cited Sixth Circuit Rule 101:

> Trial counsel in criminal cases, *whether retained or appointed by the district*

---

**4.** In reaching this determination, the Court is in no way questioning Mr. Reingold's professional competence. This Court has handled many cases where Mr. Reingold represented a party. Prior to taking the bench this Court had a number of occasions to handle cases where Mr. Reingold represented the opposing party. Finally, during the 16 years the Court has resided in Chattanooga he has become very familiar with Mr. Reingold's professional reputation. This Court holds Mr. Reingold in the highest regard and from personal experience and observation knows Mr. Reingold is an excellent attorney who practices law at the highest standards. His performance in this case does not indicate incompetence but rather, as Assistant United States Attorney Gregg L. Sullivan, who prosecuted their case said, shows that he is human.

*court,* is responsible for the continued representation of the client on appeal until specifically relieved by this Court. 6 Cir. R. 101(a) (emphasis added). This rule indicates Reingold was responsible to prosecute Petitioner's appeal, independent of Reingold's understanding with Petitioner, until the Sixth Circuit specifically relieved him of that duty. The letter set deadlines in Petitioner's appeal, and it explained that failure to submit required fees and forms in a timely manner would cause the court to dismiss the appeal. While the Sixth Circuit sent this letter to Reingold, it did not send the letter to Petitioner.

When Reingold received the letter from the Sixth Circuit, he mistakenly thought someone else was handling Petitioner's appeal, and he did not respond to the letter. He did not contact the Sixth Circuit to explain he no longer represented Petitioner, and he did not inquire whether Petitioner received the information he would need to prosecute the appeal on his own. Despite the fact Petitioner was still in Chattanooga at the time, Reingold did not forward the letter or otherwise inform Petitioner about the deadlines. Consequently, no one prosecuted Petitioner's appeal, and the Sixth Circuit dismissed it. As Petitioner's counsel of record, Reingold was responsible to assist Petitioner in prosecuting his appeal, even if it was merely to inform Petitioner of the impending deadline set by the Sixth Circuit or to file a motion to withdraw from representing him. Reingold did nothing when he received the letter from the Sixth Circuit, and his inaction directly caused Petitioner's appeal to be dismissed. For these reasons, Petitioner's counsel's deficient performance fell below an objective standard of reasonableness.

**C. Ineffective Assistance of Counsel: Prejudice**

█ Because Reingold's failure to adequately represent Petitioner denied Petitioner all assistance of counsel on appeal, prejudice is presumed to exist. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Cases where prejudice is presumed often involve a Petitioner who asked counsel to file a notice of appeal, but the lawyer failed to do so. *See, e.g., United States v. Leachman,* 309 F.3d 377, 380 n. 4 (6th Cir.2002); *Ludwig v. United States,* 162 F.3d 456, 458–59 (6th Cir.1998); *Rosinski v. United States,* 459 F.2d 59, 59 (6th Cir.1972). Prejudice is presumed in cases where counsel initially files an appeal but later fails to prosecute the appeal, causing it to be dismissed. *See, e.g., Hernandez v. United States,* 202 F.3d 486, 487–89 (2d Cir.2000). Prejudice is also presumed where a criminal defendant files the notice of appeal *pro se* but his counsel fails to take the required steps to perfect the appeal, even if miscommunication caused the failure. *See, e.g., United States v. Pena,* 233 F.3d 170, 172, 173 (2d Cir.2000); *Turner v. United States,* 961 F.Supp. 189, 190–91 (E.D.Mich.1997). In these cases, like the one before this Court, each criminal defendant lost the opportunity to appeal when his counsel unreasonably failed to take the required steps to preserve and prosecute his appeal.

█ While a lawyer's failure to perfect a direct appeal requested by a criminal defendant violates the Sixth Amendment without regard to the probability of success on appeal, the criminal defendant's actual request for an appeal is a critical element in the Sixth Amendment analysis. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998). In many cases, a petitioner requests an appeal by asking his lawyer to file and prosecute an appeal for him. In this case, the Court finds Petitioner requested an appeal when he filed a timely

notice of appeal himself. Petitioner exhibited a continuing desire to appeal by filing this § 2255 petition within weeks of learning his appeal was dismissed for a failure to prosecute it. Petitioner's prompt action and response regarding his appeal suggests he would have prosecuted his appeal the first time if he were aware of the deadlines. Petitioner's counsel knew Petitioner was appealing his sentence, but he disregarded Petitioner's request for an appeal by his nonresponse to the Sixth Circuit's letter. This constituted ineffective assistance of counsel, and petitioner is entitled to relief.

### III. CONCLUSION

Petitioner received ineffective assistance of counsel on appeal when his lawyer failed to act on a letter from the Sixth Circuit and allowed Plaintiff's appeal to be dismissed for failure to prosecute. This conduct fell below an objective standard of reasonableness, and it denied Petitioner any assistance of counsel such that the Court will presume prejudice to Petitioner's defense. Therefore, the Court will **GRANT** the Petition, **VACATE** Petitioner's sentence, and resentence Petitioner so he may file a new appeal.

An Order shall enter.

### JUDGMENT ORDER

In accordance with the accompanying memorandum, the Court **GRANTS** the petition and **VACATES** Petitioner's sentence. The Court will resentence Petitioner at a sentencing hearing on *Friday, February 21, 2003 at 9:00 a.m.* As no other matters remain for adjudication, the Court **DIRECTS** the clerk to close this case.

**SO ORDERED.**