**Roger Lee GREEN, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

**No. 71–1453.**

United States Court of Appeals, Sixth Circuit.

Jan. 27, 1972.

Roger Lee Green, in pro. per.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee.

Before CELEBREZZE, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and ROTH, District Judge.*

PER CURIAM.

Roger Lee Green appeals from denial, without an evidentiary hearing, of his petition for writ of habeas corpus. It was presented to the United States District Court for the Western District of Kentucky, Louisville Division.

* United States District Judge, sitting by designation.

On March 6, 1969, in the Circuit Court of Jefferson County, Kentucky, appellant entered a plea of guilty to two counts of an indictment; each charged him with armed robbery. He was sentenced to ten years imprisonment on each count, to be served consecutively. He was represented by privately retained counsel at the time of entering his plea. No appeal was taken from the judgment entered on his plea. He thereafter, and without success, employed various post-conviction procedures in the Kentucky Courts.

Appellant's petition presented a melange of charges of deprivation of constitutional rights. They may be summarized, *in part*, as follows:

"1) The verdict is contrary to the evidence.

2) The verdict is contrary to the law.

3) The evidence was insufficient.

4) The Jefferson Circuit Court committed prejudicial error.

5) Petitioner's counsel was ineffective and inadequate.

6) Petitioner was victim of trickery and coercion at the time he was induced to enter a plea of guilty.

7) The conviction should be set aside because the petitioner was not forewarned and informed of his substantial rights as required by the fifth amendment of the United States Constitution."

Except for conclusional averments, his petition supplied no factual material upon which to test the validity of his conclusions. Such a pleading does not call for an evidentiary hearing. Reams v. Davis, 333 F.2d 430, 431 (6th Cir.1964); O'Malley v. United States, 285 F.2d 733, 734 (6th Cir.1961).

Notwithstanding the foregoing, we are constrained by our understanding of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to remand this case to the District Court for an evidentiary hearing to determine whether the state court judge conducted any examination to determine whether the petitioner's plea of guilty was voluntary. We do this notwithstanding that the petition for writ of habeas corpus filed in the District Court did not in any understandable terms aver that the state court judge had failed to conduct such examination. In addition to the seven points we have set out above, he charges that he had suffered almost every manner of wrong that in recent judicial history has been found, in varying contexts, to be deprivation of constitutional right. His brief and reply brief in this Court also do not set out with specificity a claim that the state trial judge failed to examine him prior to accepting his plea of guilty.

Boykin v. Alabama got to the United States Supreme Court on writ of certiorari to the Supreme Court of Alabama which had affirmed the conviction of Boykin on his plea of guilty to five indictments for common law robbery. Boykin v. State, 281 Ala. 659, 207 So.2d 412, 415 (1968). Boykin was sentenced to death. At the time there involved,

"The very Alabama statute (Ala.Code, Tit. 15, § 382(10) (1958) ) that provides automatic appeal in capital cases also requires the reviewing court to comb the record for 'any error prejudicial to the appellant, even though not called to our attention in brief of counsel.' Lee v. State, 265 Ala. 623, 630, 93 So.2d 757, 763." 395 U.S. at 241, 89 S.Ct. at 1711.

The vice that brought about the reversal of Boykin's conviction was that the record on appeal was silent as to whether Boykin himself had been examined by the state judge as to the voluntariness of his plea. The majority opinion stated:

"So far as the record shows, the judge asked no questions of petitioner [Boykin] concerning his plea, and petitioner did not address the court." 395 U.S. at 239, 89 S.Ct. at 1710.

The absence of such questioning was not charged as a ground for relief until

it was raised upon the argument in the Supreme Court. The majority said:

> "Respondent does not suggest that we lack jurisdiction to review the voluntary character of petitioner's guilty plea because he failed to raise that federal question below and the state court failed to pass upon it. *But the question was raised on oral argument and we conclude that it is properly presented."* 395 U.S. at 241, 89 S.Ct. at 1711. (Emphasis supplied.)

In the case at bar, the only allegation which can be read as an assertion that the trial judge failed to conduct an inquiry as to the plea's voluntariness is contained in appellant's brief to this Court. He there says,

> *"Where there is no record of the trial judge's interrogation of the accused regarding the voluntariness of his guilty plea,* there is a presumption that said plea was involuntary and a hearing must be held to substantiate or rebut this presumption." (Emphasis supplied.)

The foregoing is a proposition of law and not an allegation of fact. The appellant has been without counsel in the District Court as well as here and we think we should read the above as an allegation "that there is no record of the trial judge's interrogation," etc. The appellee does not challenge its truth and the file on appeal in this case contains no record of such an interrogation.

We are aware that in *Boykin* Justice Douglas was dealing with a death sentence and Alabama law which provided that in such case a reviewing court was to "comb the record" for error even though not called to its attention. Perhaps the reach of the *Boykin* decision may be best learned from the dissenting opinion of Mr. Justice Harlan who said:

> "The Court today holds that petitioner Boykin was denied due process of law, and that his robbery convictions must be reversed outright, soley because 'the record [is] inadequate to show that petitioner . . . intelligently and knowingly pleaded guilty.' *Ante,* at 241 [89 S.Ct. at 1711]. The

Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure. It does so in circumstances where the Court itself has only very recently held application of Rule 11 to be unnecessary in the federal courts. See Halliday v. United States, 394 U.S. 831 [89 S.Ct. 1498, 23 L.Ed.2d 16] (1969). Moreover, the Court does all this at the behest of a petitioner who has never at any time alleged that his guilty plea was involuntary or made without knowledge of the consequences. I cannot possibly subscribe to so bizarre a result." 395 U.S. at 244–245, 89 S.Ct. at 1713.

We confess doubts of the validity of our own understanding of *Boykin* but choose to resolve them in favor of petitioner, rather than attempt our own dissertation of just what *Boykin* means. The guilty plea here involved was entered on March 6, 1969. *Boykin* was announced June 2, 1969. In Brady v. United States, 397 U.S. 742 (1970), Mr. Justice White in footnote 4 on page 747, 90 S.Ct. 1463 on page 1468, 25 L.Ed.2d 747 stated:

> "The requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized. See nn. 5 and 6, *infra.* The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. *This Court has not yet passed on the question of the retroactivity of this new requirement."* (Emphasis supplied.)

This case will be remanded to the District Court for the holding of an evidentiary hearing, limited to investigation as to whether an adequate examination of petitioner was had prior to acceptance of his plea of guilty. Examination of the record of the state court may prove sufficient.

The case is accordingly remanded to the District Court.