914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony Charles DURHAM, David Murphy, Rene Stauffer,
Petitioners-Appellants
v.
UNITED STATES of America, Respondent-Appellee
 No. 89-6237.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Petitioner-Appellants Anthony Charles Durham, David Murphy, and Rene Stauffer, who were indicted and convicted on charges of armed bank robbery, interstate transportation of stolen motor vehicles, possession of a machine gun not registered to them and unlawful possession of firearms with obliterated serial numbers, appeal the district court's order denying Appellants motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. Appellants contend their sentences were tainted by a conflict of interest and in violation of their constitutional rights. Because Appellants contentions are without merit, we affirm the district court's order.
 
 I.
 
 2
 Appellants Murphy and Stauffer were indicted and convicted on October 12, 1983, while in a separate trial, Appellant Durham was convicted of conspiracy to commit the charged offenses and only a portion of the substantive offenses. Murphy and Stauffer each received sentences totaling 65 years, and Durham received a 35 year sentence. All convictions were affirmed on appeal. United States v. Murphy, 763 F.2d 202 (6th Cir.1985), cert. denied, 474 U.S. 1063 (1986); Durham v. United States, 791 F.2d 932 (6th. Cir.1986) (unpublished), cert denied, 479 U.S. 862 (1986).
 
 
 3
 Durham, on his own behalf, had previously filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. That motion was denied by the district court whose ruling was affirmed on appeal. Durham v. United States, 850 F.2d 692 (6th Cir.1988) (unpublished).
 
 
 4
 On March 29, 1989, Durham joined with codefendants in filing a second Sec. 2255 motion to vacate sentence. Appellants Murphy and Stauffer, in their Sec. 2255 motions, asserted an alleged conflict of interest between the trial judge, defense attorneys and the bank that was robbed. Further, both claim that their sentences were excessive and in violation of their constitutional rights.
 
 
 5
 Appellant Durham asserted the same claims, but additionally alleged a conspiracy between the trial judge, government attorneys and defense counsel, and ineffective assistance of counsel. A magistrate in his report recommended that each of defendants' motions be denied and stricken from the docket. The district court followed the recommendation and this timely appeal ensued.
 
 II.
 
 6
 Appellants contend their sentences were tainted by a conflict of interest involving the trial judge, defense attorneys and the bank they were convicted of robbing. They assert the judge's former law firm and the defense attorneys may have represented the bank in the past; however, the record is void of facts to support this allegation. Appellants must establish an actual conflict of interest and not the mere possibility of such a conflict. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Additionally, Appellants have failed to show why they have raised this issue for the first time on appeal. Because Appellants contention is mere speculation, we affirm the district court's denial of the claim.
 
 III.
 
 7
 Appellants also contend their sentences have subjected them to double jeopardy and due to the excessive duration, constitute cruel and unusual punishment. They assert because they have committed only one offense, armed bank robbery, their sentences should reflect that single offense. However, Murphy and Stauffer were convicted of several additional offenses, and Durham was convicted of conspiring to commit other crimes.
 
 
 8
 "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). Where the same act or transaction constitutes two distinct statutory provisions, it must be determined whether each provision requires a proof of fact which the others do not. Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 9
 In the Appellants' case, armed bank robbery may be committed with a gun where the serial numbers are obliterated or where they are intact, or without a gun at all. Similarly, the same gun may be used in an armed robbery and also impose a sentence for possession of a gun with obliterated serial numbers. Accordingly, the Blockburger test is satisfied by the offenses in question.
 
 
 10
 Appellants further assert their sentences were disproportionate to the crimes committed and thus constitute cruel and unusual punishment. The sentences in this case are within the statutory limits and have not shown to be constitutionally excessive. Further, successful challenges to the proportionality of sentences outside the realm of capital punishment are exceedingly rare. Solem v. Helm, 463 U.S. 277, 289-90 (1983). In sentences where there is eligibility for parole, as in the present case, an objective proportionality analysis is not required. Chandler v. Jones, 813 F.2d 773, 778-79 (6th Cir.1987); United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989). We therefore affirm the district court in holding the Appellants' sentences are not unconstitutionally disproportionate under the Eighth Amendment.
 
 IV.
 
 11
 In addition to the preceding claims, Appellant Durham also asserts he was denied a fair and impartial trial. He alleges he was the victim of a conspiracy between the U.S. Attorney, his defense attorney, and the trial judge. Durham contends he was purposely kept from the courtroom as stipulations implicating his guilt were secretly read to the jury. As there is no evidence indicating the stipulations were agreed upon involuntarily by defense counsel, Durham's claim is meritless. Further, defense counsel may enter stipulations without the express consent of the defendant so long as the stipulations do not involve the waiver of some "inherently personal right of fundamental importance," or where there is fraud, gross negligence or incompetence on the part of the defense attorney. Winters v. Cook, 489 F.2d 174, 179 (5th Cir.1973). None of the stipulations regarding Durham's case required express consent.
 
 
 12
 Durham alleges that the reading of the stipulations to the jury constituted ineffective assistance of counsel; this allegation is without merit as he has not shown that any evidence introduced at trial would have refuted the facts stipulated.
 
 
 13
 Finally, for Durham to successfully assert ineffective assistance of counsel, he must show that his attorney's performance was deficient and that the deficiency resulted in prejudice to him. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, Durham has not shown, by the standard enunciated in Strickland, that prejudice resulted from the reading of the stipulations. Therefore, counsel was acting within his authority, and Durham did not receive ineffective assistance of counsel.
 
 V.
 
 14
 Accordingly, the district court's denial of Appellants' petition for relief under 28 U.S.C. Sec. 2255 is affirmed.