985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mack Neal JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1640.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1993.
 
 Before MERRITT, Chief Judge, and KENNEDY and RALPH B. GUY, JR., Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Mack Johnson, appeals the denial of his 28 U.S.C. § 2255 petition to vacate his sentence. Johnson had been convicted in 1989 of being a felon in possession of a firearm. The conviction was affirmed on appeal. Johnson then filed a § 2255 petition to vacate, which was denied, and the denial was affirmed on appeal. Subsequently, Johnson filed this motion to vacate sentence.
 
 
 2
 On appeal, Johnson argues only one issue. He claims the government failed to prove to the jury that he had a prior felony conviction, which, of course, is a predicate to a conviction for being a felon in possession of a firearm. Our review of the record convinces us that the district court properly denied defendant's motion to vacate and we affirm, although for reasons somewhat different than those relied upon by the district court.
 
 I.
 
 3
 The indictment returned against Johnson listed four predicate felony convictions. Like all defendants charged with being a felon in possession of a firearm, Johnson did not want these previous convictions paraded before the jury. He therefore offered to stipulate that the jury be told he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year. The government agreed, although it was under no obligation to do so. The agreement between counsel is memorialized in the record:
 
 
 4
 THE COURT: Gentlemen, in this matter, United States versus Johnson, I have not had any communication with the government about it, but one of my law clerks told me that the government was willing to make some kind of stipulation concerning the defendant's criminal record.
 
 
 5
 MR. HLUCHANIUK [assistant United States attorney]: We're willing to accept the defendant's offer of stipulation that at the time of the offense, he had a conviction for a crime exceeding one year.
 
 
 6
 ....
 
 
 7
 MR. CROSSLEY [defense counsel]: Your Honor, the government has submitted in its proposed jury instructions, a--
 
 
 8
 THE COURT: Do you have one there?
 
 
 9
 MR. CROSSLEY: Yes. Well, the government has submitted them, we would have no objection to that which I think covers the matter.
 
 
 10
 (App. 122; 123). Consistent with this agreement, the jury was instructed as follows:
 
 
 11
 The evidence also includes admissions of fact made by an attorney, and stipulations of fact made by the attorneys. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard the fact as proved.
 
 
 12
 (App. 119).
 
 
 13
 The parties have stipulated that prior to the offense alleged in the indictment the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.
 
 
 14
 (App. 117). The jury also was properly instructed on the elements of the offense:
 
 
 15
 The essential elements of the offense charged in the indictment are as follows:
 
 
 16
 First: That the defendant was convicted in a court of a crime punishable by imprisonment for a term exceeding one year.
 
 
 17
 Second: That thereafter he knowingly possessed a firearm or ammunition as charged in the indictment.
 
 
 18
 Third: That his possession of the firearm or ammunition was in or affecting commerce.
 
 
 19
 The government has the burden of proving each element of the offense beyond a reasonable doubt.
 
 
 20
 (App. 116).
 
 II.
 
 21
 Although defendant does not deny that he stipulated to the jury being told he had a previous felony record, he now argues that his conviction should be set aside because the stipulation was not read to the jury before the parties rested but only presented to them in the above-quoted jury instructions. We find this contention to be without merit.
 
 
 22
 The defendant agreed that the jury be told he had a prior conviction because it was to his distinct advantage to do so in this manner. Although the usual practice is to read such a stipulation to the jury during the government's case-in-chief, we can perceive of no prejudice occurring to the defendant as a result of the jury not being informed of the stipulation until the instructions were given. The defendant makes no claim of prejudice and did not raise this issue in his Federal Rule of Criminal Procedure 29 motion for acquittal. Nor was this issue raised in defendant's direct appeal from his conviction or in his first § 2255 petition. In fact, it was not initially raised in this petition. It was raised only after counsel was appointed by the court to pursue an unrelated issue.[1]
 
 
 23
 In resolving the stipulation issue against the defendant, the district court held in a written opinion:
 
 
 24
 [I]t is not uncommon for the parties to enter into a stipulation that the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year.
 
 
 25
 This may be done in writing or on the record sometime before the government's opening statement and it is usually done before the jury is selected.
 
 
 26
 The Court concludes that this occurred in this case. The Court's conclusion is based upon the following circumstances:
 
 
 27
 (1) The jury was informed that this occurred.
 
 
 28
 (2) References to the specific predicate offenses were edited out in the version of the indictment which was included in the jury instructions.
 
 
 29
 (3) The Court referred to the stipulation in ruling on the defendant's motion for judgment of acquittal.
 
 
 30
 Even in the unlikely event that the stipulation was not placed on the record, it is the opinion of the Court that the defect was waived because it was not raised before the trial court prior to sentencing nor in post-conviction proceedings prior to the filing of the amended motion.
 
 
 31
 The issue is simply not a genuine issue.
 
 
 32
 (App. 105-06).
 
 
 33
 Although the trial judge appears to have concluded that the stipulation was put before the jury prior to instructions, we are unable to find in the record where that occurred. As we stated earlier, however, we find no error in the manner in which the jury was made aware of the stipulation.[2] In sum, we agree with Judge Churchill that this "is simply not a genuine issue."
 
 
 34
 AFFIRMED.
 
 
 
 [1]
 Defendant called to the court's attention the then recent decision of United States v. Gilliam, 778 F.Supp. 935 (E.D.Mich.1991), which called into question certain convictions obtained under the felon in possession statute. This court has now overruled the district court decision in Gilliam. United States v. Gilliam, 979 F.2d 436 (6th Cir.1992)
 
 
 [2]
 A convincing argument could be made that informing the jury of the stipulation by way of the jury instructions was the manner agreed to by the parties. See App. 122-23 (colloquy) supra