**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MITCHEAL EDMONSON,

      Defendant-Appellant.

No. 96-3130
(D.C. No. CIV-95-3310-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Mitcheal Edmonson, appearing pro se, appeals the district court's order denying his motion filed under 28 U.S.C. § 2241, construed as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He claims that he was denied a fair trial because a codefendant was tried in absentia. On appeal, defendant raises two additional issues not included in his § 2255 motion: (1) his conviction for conspiracy was invalidated when the codefendant's conviction was reversed, and (2) the trial court unfairly admitted fingerprint evidence. We decline to address those issues because they were not presented to the district court. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993) (arguments not raised in § 2255 motion to district court deemed waived).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), requiring a § 2255 motion to be filed within one year after conviction and mandating that the movant obtain a certificate of appealability, do not apply in this case because the notice of appeal was filed before the Act's effective date. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

We have carefully reviewed the district court record and the materials submitted by the parties. Defendant's motion to supplement the record with

-2-

additional legal authority is granted; however, the legal authority cited is inapposite because there, the two defendants were granted separate trials on the ground that their defenses were so antagonistic as to be almost mutually exclusive. We affirm the judgment of the district court for substantially the reasons stated in the March 29, 1996 memorandum and order.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge