**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bobby C. FLOYD, Defendant–**
**Appellant.**

**No. 01–6431.**

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.*

*ORDER*

Bobby C. Floyd, a federal prisoner proceeding pro se, appeals a district court

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

order denying his motion to dismiss a defective/deficient indictment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Floyd pleaded guilty to five counts involving trafficking in cocaine, and was convicted by a jury of one count of using or carrying a firearm during and in relation to a drug trafficking crime. The district court sentenced him on December 21, 1992, to 160 months in prison and five years of supervised release. A panel of this court affirmed the judgment in an unpublished opinion. *See United States v. Floyd*, 16 F.3d 1222 (6th Cir.1994).

Floyd next filed a motion to vacate his sentence under 28 U.S.C. § 2255. This motion was denied and this court affirmed the judgment. *See Clark v. United States*, 208 F.3d 212 (6th Cir.2000), *cert. denied*, 531 U.S. 847, 121 S.Ct. 119, 148 L.Ed.2d 74 (2000). Three subsequent applications to file a second or successive § 2255 motion were also denied, as was a petition for a writ of error coram nobis.

In the instant motion to dismiss the indictment, Floyd claims that the firearm count failed to state an offense because he was not adequately informed that he was being held responsible for aiding and abetting. The district court denied Floyd's motion on October 19, 2001, after finding that Fed.R.Crim.P. 12(b)(2) requires that a challenge to the indictment be made prior to trial, rendering the motion untimely, and that the motion was meritless in any event.

On appeal, Floyd continues to argue the merits of his motion. In addition, he has filed motions for oral argument and for immediate release.

Upon review, we affirm the district court's order. This court reviews a district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir.2001).

The district court clearly did not abuse its discretion. Rule 12(b)(2) requires that a challenge to an indictment be made prior to trial, unless the indictment fails to establish jurisdiction or to charge an offense. In such a case, the challenge may be raised at any time. *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir.1999). Not only did Floyd fail to raise his objection to the indictment prior to trial, but he also failed to include his objection in his direct appeal and in his § 2255 motion. Furthermore, his objection is without merit. It is clear that count five is sufficient to charge the offense of which Floyd was convicted. Floyd complains that count five did not adequately notify him that he could be convicted as an aider and abettor. However, count five clearly cites 18 U.S.C. § 2. In addition, this court has held that aiding and abetting is embodied in every federal indictment, whether specifically charged or not. *See United States v. Maselli*, 534 F.2d 1197, 1200 (6th Cir.1976).

Accordingly, Floyd's motions to require oral argument and for immediate release are denied. The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.