UNITED STATES of America,

v.

**Mitchell D. OSBORNE.**

Nos. 1:02–CV–324, 1:99–CR–51.

United States District Court,
E.D. Tennessee
at Chattanooga.

Sept. 23, 2003.

Mitchell D. Osborne, pro se, Memphis, TN, Charles G. Wright, Jr., Chattanooga, TN, for petitioner/defendant.

Paul W. Laymon, U.S. Department of Justice, Office of U.S. Attorney, Chattanooga, TN, for respondent.

### MEMORANDUM

COLLIER, District Judge.

The defendant Mitchell D. Osborne ("Osborne") has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Court File No.1). Osborne contends that his judgment of conviction and sentence should be vacated, set aside, or corrected because he received ineffective assistance of counsel. Osborne claims counsel was ineffective when he failed to amend his appellate brief with an *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) claim and when he waived petitioner's right to a full transcript on appeal.

It plainly appears from the motion and the records of this case that the movant is not entitled to any relief. The Court will **DENY** Osborne's § 2255 for the following reasons.

### I. Motions

Osborne has filed a virtually indecipherable motion to amend his § 2255 motion (Court File No. 8). Osborne requests that he be allowed to amend his § 2255 motion or "to argue amendment 4 during the evidentiary stage as to his minor role in the offense of the conspiracy." (Court File No. 8).

"Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

futility of amendment are all factors which may affect the decision." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir.1998), *cert. denied,* 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999). In this case, the Court considers the futility of amendment in deciding whether to grant the Rule 15(a) motion to amend. *See Coe v. Bell,* 161 F.3d at 341; *Moss v. United States,* 323 F.3d 445, 476 (6th Cir.2003), *petition for cert. filed,* (July 24, 2003) (No. 03–148).

Presumably, Osborne is referring to Amendments to the United States Sentencing Guidelines ("U.S.S.G.") that Congress submitted in May of 2002 which took effect on November 1, 2002. It appears that Amendment 4 was renamed as Amendment 640 in the U.S.S.G. Manual Supplement to Appendix C. The Court assumes Osborne is claiming Amendment 640, which amended § 2D1.1(a)(3) to provide for a base level offense of not more than 30 for certain offenders if they received an adjustment for a mitigating role, should retroactively apply to his sentence.

■ This argument is without merit. There is nothing to indicate the amendments are to be applied retroactively. Under U.S.S.G. § 1B1.10, certain listed amendments to the Guidelines are to be given retroactive effect and a defendant may seek a reduction in his sentence because of these retroactive amendments under § 3582(c). However, Amendment 4, renamed as Amendment as 640, is not given retroactive effect under § 1B1.10. Since the Guidelines do not provide that Amendment 640 is to be given retroactive effect, Osborne may not obtain a reduction of his sentence. Moreover, Osborne's sentence did not include an adjustment for his role in the offense because it was determined that Osborne worked in conjunction with the other defendants in this case (Presentence Investigation Report "PSR",

at 5). Since the group met and discussed how to distribute the cocaine base which was obtained from California, no role adjustment was warranted.

Consequently, Osborne's motion to amend (Court File No. 8) will be **DENIED** because such a claim is futile because Amendment 604 does not apply retroactively to cases pending on collateral review and because Osborne is not entitled to a role adjustment.

■ Also before the Court is Osborne's motion to supplement the record with authority from the Court of Appeals for the Second Circuit (Court File No. 9). Osborne requests the Court allow him to supplement with *United States v. Guevara,* 277 F.3d 111 (2nd Cir.2001) which he asserts he has attached.[1] This Court is bound by decisions of the Court of Appeals for the Sixth Circuit. Moreover, the case Osborne wishes to file as a supplement has been amended and now supports the government's position more than Osborne's. In *United States v. Guevara,* 298 F.3d 124 (2nd Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1613, 155 L.Ed.2d 337 (2003), the Second Circuit amended its decision and held that overwhelming evidence demonstrated the conspiracy involved an amount of heroin required to support the sentence, thus precluding the Court of Appeal's from exercising its discretion to correct plain error arising from the failure to submit the drug quantity issue to the jury. Accordingly, the motion to supplement the record (Court File No. 9) will be DENIED.

## II. 28 U.S.C. § 2255—Standard of Review

■ This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

1. A complete copy of the case was not at- tached.

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,...." 28 U.S.C. § 2255. Under Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

■■■ When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); [2] *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted); *Mayes v. United States*, 93 F.Supp.2d 882, 887 (E.D.Tenn.2000). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959); *Mayes*, F.Supp.2d at 887; *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn.1996).

■■■ To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 512 U.S. 339,

353, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted) (§ 2254 case); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir.1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988, 99 S.Ct. 584, 58 L.Ed.2d 661 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. at 354, 114 S.Ct. 2291; *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

■■■ "On collateral review, a trial error is deemed harmless unless it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998), *quoting Brecht v. Abrahamson*, 507 U.S. at 637, 113 S.Ct. 1710. "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair*, 157 F.3d at 430, *quoting United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A defendant must show a "fundamental defect" in the proceedings

---

**2.** *Green v. Wingo* involves a petition for the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with respect to a state conviction. Nevertheless, §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v.*

*United States*, 417 U.S. 333, 343–44, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Metheny v. Hamby*, 835 F.2d 672, 673–74 (6th Cir.1987), *cert. denied*, 488 U.S. 913, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988).

which necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255. *See Fair,* 157 F.3d at 430; *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). A defendant bears the burden of establishing any claim asserted in his § 2255 motion. *Mayes,* 93 F.Supp.2d at 886

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they show conclusively defendant is not entitled to relief on the claim asserted. Accordingly, the Court will decide the matter and explain the reasons petitioner's asserted grounds for relief are without merit. *See United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993).

### III. Background

On February 15, 2000, a jury found Osborne not guilty of Count One[3], and guilty of Count Two[4] of the indictment. He was subsequently sentenced to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months. Osborne appealed his conviction and sentence alleging violations of the Fifth Amendment's Due Process Clause and an error by this Court in calculating the sentence. The Sixth Circuit affirmed his conviction and sentence on January 22, 2002. *United States v. Thomas,* 28 Fed.Appx. 427 (6th Cir.2002). Osborne filed this *pro se* § 2255 motion on October 2, 2002.

### IV. Facts

The following recitation of facts is taken from the Presentence Investigation Report ("PSR"), Offense Conduct section:

8. Agents of the 17th Judicial Drug Task Force uncovered the following information during their investigation of the defendant and co-defendants named in this case: Around March of 1999, Debra Hicks arranged for Eric Gant to be introduced to her relative for the purpose of Gant establishing a source of supply for substantial amounts of cocaine. Gant and Hicks traveled by commercial air from Nashville, Tennessee to Ontario, California. Hicks introduced Gant to Elton Thomas. Thomas introduced Gant to his supplier and friend, who was also a major supplier of cocaine in the Ontario, California area. Gant purchased approximately a **half kilogram of cocaine base** from Thomas's source. Gant then returned to Tennessee with the half-kilogram of cocaine base, which he and his associates ultimately distributed in the Bedford County area.

9. Gant returned to Ontario, California on or about May 12, 1999, for the purpose of acquiring an additional half-kilogram of cocaine base from Thomas's source. Gant did acquire the half-kilogram from the source and returned, with Thomas, to Nashville, Tennessee. Gant carried the half-kilogram of cocaine base with him and Thomas carried

---

**3.** Count One of the Indictment charged that from January 1, 1999, through May 18, 1999, Osborne, along with three named defendants and other unnamed conspirators, conspired to distribute cocaine base, in violation of 21 U.S.C. § 846.

**4.** Count Two of the Indictment charged that on May 16, 1999, Osborne and others distributed cocaine base, in violation of 21 U.S.C. § 841(a)(1).

nine ounces of cocaine base with him, which had been fronted to him by the California source. Upon their return from California, Gant and Thomas met with Hicks and **Osborne** to plan how they would distribute the cocaine. They stored the bulk of the cocaine base at Gant's apartment in Murfreesboro, Tennessee. Gant, Thomas, Hicks, and **Osborne** then distributed the cocaine, in smaller quantities, in Bedford County, Tennessee.

10. On May 16, 1999, agents of the 17th Judicial Task Force in Shelbyville, Tennessee sent an informant to purchase cocaine base from Debra Hicks and **Mitchell Osborne.** Hicks said she had to go to her source to get the crack. The agents followed her to a Shelbyville hotel room, where Thomas was staying. She acquired the crack then went back to her residence and gave it to the Informant (.5 grams lab tested). Agents continued to watch the defendant's hotel room through the night and saw numerous people go in, stay a few minutes, and leave. As Thomas left the room early on May 17, agents arrested him. He had 6.3 grams of crack (lab tested) in his underwear and $1,752 on his person, including the buy money the Confidential Informant gave to Hicks.

11. Thomas agreed to work in an undercover capacity with agents and was subsequently wired with a recording device for an undercover operation. Thomas then eluded agents. While looking for Thomas, agents saw and questioned Gant. Gant advised the agents of his involvement in the conspiracy and consented to a search of his apartment. Agents seized 319.4 grams of crack cocaine (lab tested), 202.7 grams of cocaine powder and $4,360 from his apartment.

12. On December 6, 1999, Ms. Hicks gave a statement to arresting officers. She admitted to selling cocaine base from her residence, along with Mitchell Osborne, during the time of the instant offense. Ms. Hicks told agents that she, or Mr. Osborne, would sell crack cocaine for Mr. Gant. In return, the couple had some spending money and their own supply of crack cocaine. Ms. Hicks' statement to the officers reveals that Mr. Osborne was fully aware of the criminal activities of Ms. Hicks; and that of other co-conspirators. Mr. Osborne and Ms. Hicks sold cocaine base from Ms. Hicks' residence. Ms. Hicks and Mr. Osborne met with the other co-conspirator in this case to plan the distribution of cocaine base acquired from the California source (May 12, 1999). Mr. Osborne should be held accountable for the half-kilogram of cocaine base acquired by his co-conspirators on May 12, 1999, for distribution in this district. It is reasonably foreseeable that he had knowledge of its existence, since Ms. Hicks helped to arrange its delivery; and the fact that the defendant then helped plan the distribution the [sic] drugs with Ms. Hicks and the other co-conspirators in this case.

[PSR, at 3–4 (Emphasis in original) ].

## V. Analysis

### A. Claim of Ineffective Assistance of Counsel

The thrust of Osborne's ineffective assistance claim addresses the performance of

his trial counsel during his direct appeal. Osborne identifies three attorney errors or omissions constituting ineffective assistance of counsel. First Osborne claims counsel was ineffective for failing to amend his appellate brief with an *Apprendi* claim. Second Osborne claims counsel was ineffective at sentencing and on appeal for failing to raise an *Apprendi* claim "as to aiding and abetting [.]" (Court File No. 1). The Court will address the *Apprendi* claims as one. And third, Osborne claims counsel was ineffective on appeal when counsel waived Osborne's right to a full transcript.

The criteria for analyzing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a defendant demonstrate two essential elements: (1) counsel's performance was deficient (*i.e.,* counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment) and (2) counsel's deficient performance prejudiced the defense (*i.e.,* deprived the defendant of a fair trial rendering the outcome of the trial unreliable). *Id.* at 687–88, 104 S.Ct. 2052; *see also McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir. 1996), *cert. denied,* 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997); *Sims v. Livesay,* 970 F.2d 1575, 1579–81 (6th Cir. 1992); *Flippins v. United States,* 808 F.2d 16, 17–18 (6th Cir.), *cert. denied,* 481 U.S. 1056, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987). To establish his attorney was not performing within the range of competence demanded of attorneys in criminal cases, a defendant must demonstrate the attorney's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052; *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992), *cert. denied,* 508 U.S. 975, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir.), *cert. denied,* 518 U.S. 1027, 116 S.Ct. 2569, 135 L.Ed.2d 1086 (1996). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Sims,* 970 F.2d at 1579–80.

In order to demonstrate ineffective assistance of counsel, Osborne must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### 1. Apprendi Claims

Osborne was convicted in February of 2000 and sentenced to 240 months on June 9, 2000. *Apprendi* was decided on June 26, 2000. A Notice of Appeal was filed on June 13, 2000, and the Sixth Circuit affirmed Osborne's conviction and sentence on direct appeal on January 22, 2002. On the dates Osborne was indicted, tried, and sentenced this Court could not have predicted the Supreme Court would decide *Apprendi* as it did. Moreover, assuming *Apprendi* is applicable in this case, it does not provide Osborne grounds for relief because no *Apprendi* violation occurred.

Osborne claims *Apprendi* requires an indictment to specify the amount of drugs for which a defendant is to be held accountable. Osborne then claims *Apprendi* requires that the drug amounts must be supported by proof beyond a reasonable doubt and since the Judge determined

drug amounts by a preponderance of the evidence at sentencing, counsel was ineffective for failing to challenge it on appeal. And Osborne's last claim under *Apprendi* is *Apprendi* required Count Two of the indictment (distribution of cocaine base) to charge him with aiding and abetting his codefendants rather than as a principle.

■ First, the Court observes that Osborne's reliance on *Apprendi* is misplaced because *Apprendi* is inapplicable in this case. Osborne was found guilty by a jury of violating 21 U.S.C. § 841(a)(1), which prohibits possessing cocaine base with the intent to distribute. The Count on which Osborne was convicted involved .5 grams of cocaine base. Thus, Osborne was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C). The maximum sentence for possessing cocaine base with the intent to distribute for any amount up to five (5) grams is twenty (20) years. *See* 21 U.S.C. § 841(b)(1)(C). Osborne was sentenced to twenty years. The Supreme Court of the United States has determined that *Apprendi* and the Constitution requires only facts that increase the statutory maximum sentence to be submitted to the jury and proved beyond a reasonable doubt. *Harris v. United States,* 536 U.S. 545, 565, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In *Harris* the Supreme Court noted:

> Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range

without seeking further authorization from those juries—and without contradicting *Apprendi.*

The jury rendered a guilty verdict on Count Two of the indictment. Thus, they found beyond a reasonable doubt that on or about May 16, 1999, Osborne distributed cocaine base. The proof at trial was Osborne had agreed to sell an informant an eight ball of crack cocaine for $250.00. However, Osborne was not at the trailer when the informant went by to purchase the drugs, so Ms. Hicks ("Hicks"), Osborne's girlfriend, obtained the drugs. When she returned to the trailer with the drugs, Osborne was present. Ms. Hicks returned with only .5 grams of cocaine base for which the informant paid $150.00. Therefore, the jury obviously convicted Osborne of distribution of .5 grams of cocaine base. Osborne was sentenced to 20 years, the maximum sentence for possession with intent to distribute cocaine base in any amount up to 5 grams. Osborne's guidelines were based on the .5 grams of cocaine base pursuant to his conviction plus the related conduct of 9 ounces (255 grams) that the Court determined Osborne had knowledge of and helped plan to distribute, and helped distribute. In *United States v. Stafford,* 258 F.3d 465, 478 (6th Cir.2001), *cert. denied,* 535 U.S. 1006, 122 S.Ct. 1581, 152 L.Ed.2d 500 (2002), the Sixth Circuit held *Apprendi* is not implicated when the sentencing court determines a drug quantity by a preponderance of the evidence, as long as the resulting sentence does not exceed the maximum sentence available under the lowest possible sentencing range. Since Osborne's sentence did not exceed the statutory maximum no *Apprendi* violation occurred. *See United States v. Leachman,* 309 F.3d 377, 382 (6th Cir. 2001). Consequently, counsel was not deficient for failing to raise *Apprendi* on appeal.

In addition, the Court observes Osborne is not claiming his sentence was based on an incorrect amount of drugs; but rather, that appellate counsel was deficient for failing to challenge the fact that the indictment failed to specify the drug amount and for failing to challenge the Court's determination of the drug amount based on a preponderance of the evidence. Osborne does not deny his involvement with 255.5 grams of cocaine base. Although Osborne claims the indictment failed to allege the drug quantity, he does not deny involvement in the distribution of cocaine base.

In this § 2255 proceeding, Osborne bears the burden of proving he is entitled to relief. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir.1981); *Johnson v. United States*, 985 F.2d 560, 1993 WL 16707 (6th Cir.1993) (unpublished table decision), *available in* 1993 WL 16707, at *2; *Durham v. United States*, 914 F.2d 256, 1990 WL 139242 (6th Cir.1990) (unpublished table decision), *available in* 1990 WL 134780 *2–3; *United States v. Edmonson*, 922 F.Supp. 505 (D.Kan.1996), *aff'd*, 107 F.3d 22, 1997 WL 43529 (10th Cir.), *cert. denied*, 521 U.S. 1128, 117 S.Ct. 2531, 138 L.Ed.2d 1030 (1997). Osborne has not demonstrated that his sentence violates the *Apprendi* rule. Consequently, he has failed to demonstrate the conduct of his attorney was deficient and fell below an objective standard of reasonableness. Moreover, Osborne has failed to show his attorney's alleged errors caused him to suffer any actual prejudice. On the contrary, this Court finds that the conduct of Osborne's attorney was objectively reasonable and competent under the circumstances, and Osborne's claim that counsel should have raised the claim that the drug amount was not alleged in the indictment and proven beyond a reasonable doubt is without merit.

In addition to the drug amount in the offense of conviction, .5 grams, the Court included the quantity of drugs, 9 ounces of cocaine base, Osborne helped Mr. Thomas sell. The decision not to raise the *Apprendi* claim did not cause Osborne to suffer actual prejudice. Osborne has not demonstrated any prejudice because he is not claiming an incorrect drug quantity was used to determine his sentence. Osborne only claims the amount was not included in the indictment and the Court did not determine the amount beyond a reasonable doubt. However, even if Osborne had raised an *Apprendi* issue on appeal, he would not have been entitled to a sentence reduction because the uncontroverted proof was that in addition to the .5 grams of cocaine base, Osborne had knowledge, helped plan to distribute, and helped distribute nine ounces (255 grams) of cocaine base that was brought from California by Mr. Thomas on May 12, 1999. The Court made the following finding:

> The Court does, however, credit the presentence report with respect to the drugs that Mr. Thomas had in Shelbyville on May 12, 1999. The defendant was put on notice as to that quantity of drugs, and Mr. Thomas was also charged in the count of conviction along with Mr. Osborne and Ms. Hicks.
>
> The Court would note that Mr. Thomas was not from Tennessee. He was from California. He had no ties at all to Tennessee that would allow him to distribute drugs. The testimony that came out today, as well as the testimony that came out at trial, was that Ms. Hicks and Mr. Osborne were involved in assisting Mr. Thomas in the distribution of the drugs that he had. The evidence indicates to the Court that Mr. Osborne and Ms. Hicks met Mr. Thomas and helped him acquire a motel room in Shelbyville to distribute the cocaine base that he had. The defendant and Ms. Hicks, according to the testimony, sold some of this cocaine base for Mr. Thom-

as, and also brought customers to Mr. Thomas at his hotel room.

The Court concludes that without the assistance of Mr. Hicks—I'm sorry, Ms. Hicks and the defendant, that Mr. Thomas would not have been able to sell crack cocaine in Shelbyville. Therefore, the Court will hold Mr. Osborne accountable for at least the 9 ounces of cocaine base reflected in Paragraph 9 of the presentence report that Mr. Thomas had as well as the quantity of cocaine base that was sold by Ms. Hicks that's reflected in the offense of conviction. (Sentencing Hearing Transcipt "ST", at 58–59).

The Court sentenced Osborne to 240 months in accordance with 21 U.S.C. § 841(b)(1)(C), which provided for a 20 year maximum, no mandatory minimum, and required at least three years of supervised release. The Court determined the 255 grams established a base level of 34 and with Osborne's criminal history category of VI, his guideline range was 262 to 327 months. However, the Court observed the count of conviction carried a statutory maximum punishment of 240 months which amounted to a reduction from his guideline range. Therefore the Court sentenced Osborne to 240 months, which was less than the guideline range but did not exceed the maximum punishment allowed under 21 U.S.C. § 841(b)(1)(C). In accordance with 21 U.S.C. § 841(b)(1)(C) Osborne received a supervised release period of three years.

On direct appeal Osborne claimed the trial court erred when it enhanced his punishment by attributing the nine (9) ounces of cocaine base that Thomas transported to Tennessee. The Court of Appeals for the Sixth Circuit made the following finding:

The district court determined that Osborne, Hicks, and Thomas were all members of a jointly undertaken crimi-

nal activity. The court concluded that without the assistance of Osborne and Hicks, Thomas would have been unable to sell crack cocaine in Tennessee. As a critical member of Thomas's scheme, Osborne both furthered the criminal conduct and reasonably foresaw that Thomas would be transporting up to nine ounces of crack to Tennessee. The Court's findings were based on the testimony of the CI, the codefendant Gant, and the law enforcement members of the task force. Gant's testimony indicated that with the counsel of Osborne and Hicks, Thomas decided he should rent a series of motel rooms from which to sell the drugs. As Gant described it, "[Thomas] had the crack and they had the customers." The trial court chose to credit Gant's testimony. We are satisfied that the district court did not clearly err in determining that nine ounces of cocaine base transported by Thomas from California should be attributed to Osborne for sentencing purposes. Therefore, we will not disturb the district court's calculation of Osborne's sentence.

*United States v. Thomas*, 00–5831, 28 Fed. Appx. 427, 2002 WL 89670 (6th Cir.2002).

 An attorney is not prohibited from deciding not to challenge facts he knows the government can prove. Osborne does not claim, nor has he demonstrated the quantity of drugs attributed to him was incorrect. He only claims counsel failed to require the government to include the amount of drugs in the indictment and prove the amount of drugs beyond a reasonable doubt. Therefore, Osborne has not demonstrated counsel was ineffective nor that he was prejudiced by counsel's performance. The evidence of the quantity of drugs is uncontroverted. Consequently, there was no credible argument

counsel could have made to question the drug quantity attributed to Osborne.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West,* 73 F.3d at 84 (quoting *Strickland,* 466 U.S. at 669, 104 S.Ct. 2052 (further citation omitted)). Not only has Osborne failed to show his attorney's performance fell below an objective standard of reasonableness, Osborne has failed to prove or even allege that the alleged error had any effect on the judgment. Osborne is not asking for a trial. Osborne is asking the Court to resentence him "in acccordance to the precedent law of the Sixth Circuit Court of Appeal" (Court File No. 2, at 15). The government proved beyond a reasonable doubt that Osborne was responsible for more than 9 grams of cocaine base, thus, a resentencing hearing would be futile. Therefore, Osborne's claim for ineffective assistance of counsel for failure to raise an *Apprendi* claim regarding the failure to identity the drug quantities in the indictment and failure of the Court to determine the quantity of drugs under a reasonable doubt standard will be **DISMISSED.**

Next Osborne claims appellate counsel was ineffective for failing to raise an *Apprendi* violation as to aiding and abetting. Osborne fails to cite any authority to support this claim and the Court is unaware of any authority supporting the argument that *Apprendi* required the government to allege aiding and abetting in Osborne's indictment. Furthermore, *Apprendi* was not decided until after Osborne was indicted, convicted, and sentenced.

 Upon request from the government the Court gave the jury the Sixth Circuit pattern aider and abettor instruction. One can be charged as a principal and convicted as an aider and abettor even though the indictment does not specifically charge aider and abettor. *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); *United States v. Dunne,* 324 F.3d 1158 (10th Cir.2003) ("A defendant can be convicted as an aider and abettor even though he was indicted as a principal for commission of the underlying offense and not as an aider and abettor."); *United States v. Lester,* 363 F.2d 68, 72 (6th Cir.1966) ("In keeping with the provisions of [18 U.S.C.] § 2, it has long been held that an indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either. All indictments must be read in effect, then, as if the alternatives provided by 18 U.S.C. § 2 were embodied in each count thereof."); *Hill v. Perini,* 788 F.2d, 406, 407 (6th Cir.1986) ( [T]his Court has expressly acknowledged that a defendant may be indicted for the commission of a substantive crime as a principal offender and convicted of aiding and abetting its commission although not named in the indictment as a aider or abettor without violating federal due process." *citing Stone v. Wingo,* 416 F.2d 857 (6th Cir.1969) (The defendants were not charged as aiders and abettors but the Sixth Circuit determined this was not necessary because aiders and abettors can be charged directly as principals.)); *United States v. Moore,* 460 F.2d 1265 (6th Cir.1972) (The Sixth Circuit considers "aiding and abetting merely a theory of liability, not an offense distinct in and of itself."); *United States v. Taniguchi,* 49 Fed. Appx. 506, 520, (unpublished table decision), *available in* 49 Fed.Appx. 506, 510 (6th Cir.2002), *see also United States v. Neal,* 951 F.2d 630, 633 (5th Cir.1992) ("Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit.")

 Aiding and abetting is not an independent crime under 18 U.S.C. § 2 because it provides no penalty. "The statute abolishes the distinction between common law notions of 'principal' and 'accessory'." *United States v. Becker,* 968 F.2d 1216 (6th Cir.1992), (unpublished table decision), *available in,* 1992 WL 158132, at *4. Title 18 U.S.C. § 2 provides:

§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Therefore, counsel's argument would have been futile since the rule in the Sixth Circuit is "that aiding and abetting is embodied in every federal indictment, whether specifically charged or not." *United States v. Floyd,* 46 Fed. Appx. 835 (6th Cir.2002) (unpublished table decision), *available in,* 2002 WL 31119674, *citing United States v. Maselli,* 534 F.2d 1197, 1200 (6th Cir.1976) ("The word 'willfully' is not used in § 1952, and it was not necessary to use it in the indictment, since 18 U.S.C. § 2 is embodied in every federal indictment."). Hence, counsel was not required to contest this meritless issue. Consequently, Osborne has failed to demonstrate ineffective assistance of counsel.

 Even without explicit reference to aiding and abetting in the indictment, the indictment itself states Osborne, along with Elton F. Thomas Jr., and Debra D.

Hicks unlawfully, knowingly, and intentionally distributed cocaine base. Therefore, Osborne was put on notice the government was alleging he worked with the other named defendants to commit the crime. Taking into consideration the Sixth Circuit rule that aiding and abetting is embodied in every federal indictment, Osborne's notice, and the fact *Apprendi* was not decided until after Osborne was sentenced, the Court finds Osborne has failed to meet his burden.[5] Osborne has failed to demonstrate the alleged error had a substantial and injurious effect or influence on the proceedings or the alleged error was a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process.

Accordingly, Osborne is not entitled to relief on his claim that counsel was ineffective for failing to challenge the fact that aiding and abetting was not explicitly referred to in the indictment. Consequently, Osborne is not entitled to any relief on his *Apprendi* claims and they will be **DISMISSED.**

### 2. Waiver of Full Transcript

 Osborne claims appellate counsel was ineffective when he waived Osborne's right to a full transcript. Osborne contends the failure of counsel to obtain the jury instruction transcript directly affected the outcome of his appeal. Osborne argues the failure to have the jury instructions transcribed prevented the Sixth Circuit from viewing the erroneous jury instruction as to aiding and abetting. Osborne is alleging, in effect, the Court erred in giving the aiding and abetting

---

**5.** The Court does note that in *United States v. Taniguchi,* 49 Fed. Appx. at 521, 2002 WL 31371978 FN4, the Sixth Circuit declined to address the question of whether an indictment that fails to allege aiding and abetting and fails to cite the language of 18 U.S.C. § 2 would be sufficient under *Apprendi.* However, until the Sixth Circuit or the Supreme Court of the United States rules otherwise, this Court will continue to interpret every federal indictment as embodying aiding and abetting.

jury instruction because the indictment did not specifically charge him with aiding and abetting. However, since the Court has determined the indictment embodied aiding and abetting, it was not err to give the jury the aiding and abetting jury instruction even though the indictment did not specifically allege aiding and abetting. Consequently, that decision renders this claim meritless.

In *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir.1986), the Sixth Circuit held federal habeas relief will only be granted in a situation where there is a claim of missing transcript if prejudice is demonstrated. In the case before this Court, Osborne has failed to demonstrate how failure to have the jury instruction transcribe prejudiced him. There is nothing in the record to indicate the jury instruction transcript would have changed the outcome of the case. *Ortiz–Salas v. INS*, 992 F.2d 105, 106 (7th Cir.1993), *Bransford v. Brown*, 806 F.2d at 86. Consequently, this claim is without merit.

In conclusion, Osborne has failed to present any facts which establish his sentence is subject to collateral attack under 28 U.S.C. § 2255. Osborne is not entitled to any relief under § 2255 and a judgment will enter **DENYING** his motion.

### *JUDGMENT*

For the reasons expressed in the memorandum opinion filed herewith, it is hereby **ORDERED:**

(1) Osborne's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED** (Court File No. 1).

(2) Osborne's motion to amend (Court File No. 8) is **DENIED.**

(3) Osborne's motion to supplement (Court File No. 9) is **DENIED.**

Additionally, the Court has reviewed this case pursuant to Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE and hereby **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Osborne for leave to proceed *in forma pauperis* on appeal is **DENIED.** FED. R.APP. P. 24.

Should the defendant give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE.